No. 3632

Second Circuit

HILL, HARRIS & CO., INC., v. AVERETT

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

R. W. Oglesby, of Winnfield, and H. W. Hill, of Alexandria, attorneys for plaintiff, appellant.

Eugene Beck, of Winnfield, attorney for defendant, appellee.

WEBB, J. In this action, plaintiff, Hill, Harris & Company, Inc., alleged that it delivered to defendant, W. O. Averett, roofing materials, consisting of shingles and other material necessary to be used in laying the shingles, of the value of $700.18, as shown by invoices annexed to the petition, to be sold at a price fixed by plaintiff, defendant to receive a commission of 75 cents on each square of shingles sold; that it had also loaned to defendant, a shingle machine of the value of $50; that defendant had accounted for material of the value of $553.67, for which amount he had been credited; that defendant refused to account for the balance of $146.51, or to return any material or the shingle machine, and plaintiff prayed for judgment for the balance due on the material and for the value of the shingle machine, with legal interest from judicial demand.

In answer defendant denied that he was indebted to plaintiff in any amount, admitting, however, that the material had been delivered, to be sold as alleged, and that the shingle machine had been loaned to him. Defendant alleged that plaintiff

was indebted to him in the sum of $92.25 for commissions, and in the further sum of $45, for storing materials, and $2.50 for repairs on the shingle machine; that he had some of the material on hand of the invoice value of $63, and the shingle machine, and defendant prayed that plaintiff's demands be rejected and for judgment in reconvention against plaintiff for commissions, storage, and repairs on the shingle machine, and for judgment permitting him to return the material alleged by him to have been on hand and the shingle machine.

On trial judgment was rendered in favor of plaintiff for $113.80, the invoice value of material, for which the court found the defendant had not accounted, and for the further sum of $50, the value of the shingle machine, and in favor of defendant permitting him to return any of the material which had not been disposed of and the shingle machine, to be credited on the judgment in favor of plaintiff, and judgment was also rendered in favor of defendant for the sum of $55.65, and the costs of suit ordered to be paid equally by the parties.

Plaintiff appealed, and urges that it should have had judgment as demanded, and that defendant's demands should have been rejected, and defendant has answered the appeal praying that plaintiff's demands be rejected and for judgment against defendant as originally demanded, with all costs of suit.

Considering the demands of the parties relative to the material, the invoices which were annexed to plaintiff's petition and filed in evidence show that the material consisted of 64 46/87 squares of shingles invoiced @ $580.76, and other material to be used in laying the shingles, consisting of "starters" and "ridge roll," invoiced @ $76.94, and "nails," etc., invoiced @ $37.88, showing the total value of the material at $695.58, instead of $700.18, as alleged, and, deducting the credits shown by the memoranda annexed to the petition and filed in evidence, leaves a balance of $141.91.

Defendant admitted that the material had been delivered to him, and he was bound to report all sales made and account to plaintiff for the proceeds (Clark v. Blank, 3 Orleans App. 439; Gilmore v. Gilmore, 137 La. 162, 68 So. 395), and the only evidence indicating that defendant was not given credit for sales of other materials than as shown by the credit memoranda annexed to plaintiff's petition and filed in evidence is his statement that he had sold some shingles to J. E. Carter, for which credit was not allowed. But, if so, the evidence does not show that such sale was reported or the proceeds, if collected, remitted to plaintiff, and the only other evidence indicating that defendant should not account to plaintiff for the balance of $141.91 is his statement that some of the material, "nails," etc., invoiced at $37.88, was not delivered to him, and the evidence indicating that defendant had some of the material on hand which would be returned to plaintiff.

As stated, defendant in his answer admitted that the material had been delivered to him, and the evidence tending to show that the "nails," etc., had not been delivered to him was not sufficient to overcome the admission, especially in view of the fact that defendant was acting as the agent of plaintiff and that the evidence shows he knew the material was shipped to him and that he assisted in distributing the material to parties to whom he

had sold shingles, and we do not find that the evidence relative to the material which defendant may have had on hand is sufficiently definite, either as to the character or quantity, to authorize a judgment ordering the material to be returned and accepted by plaintiff; and we are of the opinion that defendant should account to plaintiff for the sum of $141.91 on the material, less any amount which the evidence established that plaintiff was indebted to him growing out of the contract of agency.

There was not any evidence whatsoever offered in support of the claim for storage on the material and repairs on the shingle machine, and the question is whether or not the evidence shows that plaintiff was due defendant any amount for commissions.

The credit memoranda and the evidence show that defendant was allowed credit for the shingles sold to Carter, Strain, and Williams, but defendant contends that he should have been allowed credit, under the agreement, on shingles sold to Dr. Fittz and A. E. Raywinkel, the evidence establishing that 44 squares were delivered to the former and 33 41/87 to the latter by plaintiff at the same time the material was delivered to defendant. The agreement relative to commissions was made between a salesman of the plaintiff company and defendant, and, while they disagree as to whether or not defendant was to receive a commission on the shingles delivered by plaintiff to Dr. Fittz and Raywinkel, it was shown that defendant had assisted the salesman in making the sale to Raywinkel, and a witness was called who stated that the salesman had said to defendant in his presence that he would be allowed a commission on the sale, and we find that the defendant is entitled to be allowed a commission of 75 cents on the shingles sold to Raywinkel, or $25.10, which should be credited on the amount due by defendant on the material.

There cannot, of course, be any question under the pleadings as to plaintiff's right to recover the shingle machine, or its value (Civ. Code, art. 2893, et seq.), and, while it is certain that defendant should have returned the machine to plaintiff, the evidence does not show that plaintiff demanded the delivery of the machine or that defendant claimed the ownership or any right of possession adverse to plaintiff's title, and he should be permitted to return the machine.

It is therefore ordered that the judgment appealed from be avoided; and it is now ordered, adjudged, and decreed that plaintiff, Hill, Harris & Company, Inc., have and recover judgment against defendant, W. O. Averett, in the sum of $141.91, less the sum of $25.10, with legal interest thereon from judicial demand until paid; and it is further ordered, adjudged, and decreed that plaintiff have and recover judgment against defendant in the further sum of $50, the value of the shingle machine, subject to the right of defendant to return the shingle machine to plaintiff within ten days from the date this judgment becomes final, and, in event of the failure of the machine to be delivered within the period stated, it is ordered that the judgment for said sum of $50 shall bear legal interest from the expiration of such period until paid. It is further ordered that defendant pay all costs of suit.